**FILED - GR**
August 21, 2007 11:08 AM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: /mkc /

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DENNIS FRENCH, LYNN FRENCH, DR. BRENDA O'MALLEY, CATHERINE WILT, VERN BARKEL, and JOYCE BARKEL,

Plaintiffs,

v

ESSENTIALLY YOURS INDUSTRIES, INC., ESSENTIALLY YOURS INDUSTRIES CORP., ESSENTIALLY YOURS INDUSTRIES (Canada), INC. and RONALD BOERSEMA,

Defendants.
_____/

Case No. _

Honorable

**1:07-cv-817
Gordon J Quist
US District Judge**

Carl J. Gabrielse (P67512)
Cunningham Dalman, P.C.
Attorney for Plaintiffs
321 Settlers Road, PO Box 1767
Holland, MI 49422-1767
(616) 392-1821
_____/

## COMPLAINT

Plaintiffs, by and through their attorneys, Cunningham Dalman, P.C., state as follows for their Complaint:

### Parties

1. Plaintiffs Dennis and Lynn French (hereinafter collectively referred to as "Plaintiff French") are married individuals residing in Allegan County, Michigan.

2. Plaintiff Dr. Brenda O'Malley is an individual residing in Ottawa County, Michigan.

3. Plaintiff Catherine Wilt is an individual residing in Allegan County, Michigan.

4. Plaintiffs Vern and Joyce Barkel (hereinafter collectively referred to as "Plaintiff Barkel") are married individuals residing in Ottawa County, Michigan.

5. Defendant Essentially Yours Industries, Inc. is a U.S. corporation authorized under the laws of the state of Nevada. Defendant Essentially Yours Industries Corp. is a Canadian corporation authorized under the laws of British Columbia. Defendant Essentially Yours Industries (Canada) Inc. is a Canadian corporation authorized under the laws of British Columbia (hereinafter collectively referred to as "Defendant EYI").

6. Defendant Ronald Boersema is an individual residing in Allegan County, Michigan.

## Jurisdiction

7. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure (FRCP 23) on behalf of themselves and others similarly situated.

8. Count I is a class action for damages brought under the provisions of Section 5(a) of the Securities Act, 15 USCA § 77e(a).

9. Jurisdiction of this Court over Count I is predicated on Section 22(a) of the Securities Act of 1933, as amended (Securities Act), 15 USCA § 77v(a).

10. Counts II, III, IV & V are state law causes of action so related to the claims in Count I that it forms part of the same case and controversy.

11. Jurisdiction of this Court over Counts II, III, IV, & V is predicated on 28 USCA § 1367.

**General Allegations**

12. Defendant EYI sells the "latest and greatest" products through a pyramid scheme distribution network of Independent Business Associates ("IBA's").

13. Defendant EYI sells Calorad ("the healthiest weight loss system ever"), Code Blue Water Filters (the revolutionary filtering system that "removes arsenic from tap water"), and ME2 (that's M-E-squared; the fuel additive which "significantly reduces vehicle emissions and improves gas mileage").

14. Defendant EYI recruits IBA's to invest in exchange for a position in the pyramid scheme distribution. IBA's in turn recruit "down-line" IBA's and receive compensation for the sales made by their "down-line" IBA's. IBA's were also given the promise of returns based on the world-wide sale of EYI products—$1.50 for each Code Blue Water Filter sold. Defendant EYI produces literature on the products it sells and provides this literature to its sales network.

15. During 2005 Plaintiff signed up to become IBA's under Defendant Boersema's "down-line."

**Count I – Violation of Securities Act**

16. Plaintiffs incorporate by reference paragraphs 1 through 15

17. During mid 2005, Defendant EYI and Defendant Boersema approached Plaintiffs about a business opportunity/marketing concept involving the Code Blue Water Filtration System with "patented Code Blue breakthrough technology."

18. The opportunity involved a profit sharing component titled, "Precious Metals Program: The Code Blue Profit Sharing Plan" and was described as, "an opportunity for you to share in the world wide annual sales of all EYI Code Blue Systems."

3

19. The business opportunity/marketing concept offered, and eventually sold to Plaintiffs, was represented as follows: Plaintiffs would make an initial investment of $6,018.71 to become "Platinum Pioneers." Each month Plaintiffs would have to purchase a certain amount of product. Plaintiffs would receive $1.50 for every Code Blue System sold during each profit share period (one year, from Nov 1 to Oct 31). The maximum annual profit share would be $35,000 and would be paid out prior to December 15 following the profit share period. Plaintiffs only received $60.00 which was not paid until January 2006.

20. The essential functions that would determine the success or failure of Plaintiffs' investment were virtually all in the hands of Defendant EYI and others.

21. In particular, Defendant EYI was allegedly signing an exclusive distribution agreement with China Electronics Import and Export South China Corporation ("CEIEC") for the sale of millions of dollars of Code Blue Water Systems.

22. Plaintiffs' role in the proposed distribution scheme was de minimis, ministerial, and not related to the operation activities that were to generate the bulk of the profits as part of the distribution plan.

23. Defendants represented to Plaintiffs that Defendants had excellent prospects for success as a business opportunity.

24. The profit sharing plan offered and sold to Plaintiffs was an investment contract and/or a certificate of interest or participation in a profit-sharing agreement within the meaning of the term "security" as that term is defined by Section 2(1) of the Securities Act, 15 USCA § 77b(1).

25. Defendant EYI personally participated or aided in the offering and sale of the above-mentioned security to Plaintiffs.

4

26. Defendant Boersema personally participated or aided in the offering and sale of the above-mentioned security to Plaintiffs.

27. Such securities were offered and sold to a large number of individuals.

28. The above mentioned security was offered and sold to plaintiff without being registered as required by Section 5(a) of the Securities Act, 15 USCA § 77e(a), and thus was in violation of that statute.

29. Plaintiff adequately represents the class of purchasers who have purchased such profit sharing plans from Defendants. The interest of Plaintiffs in securing the relief provided by the securities laws against Defendants is coexistent with the interest of other members of the class who likewise have an interest in seeking such relief. Thus, all members of the class, including Plaintiffs, have a similar interest in obtaining the relief sought by this complaint. Members of the class are of such a number as to make individual actions on their behalf impractical. If Plaintiffs are entitled to relief against Defendants, then all members of the class similarly situated are also entitled to such relief against Defendants. True and fair representation is afforded the members of the class by Plaintiff's, since their common issues of law and fact that Plaintiffs and members of the class share.

30. Plaintiffs have been required to retain the undersigned counsel to enforce Plaintiff's rights and have to pay such counsel a reasonable attorney fee.

### Count II - Fraud

31. Plaintiffs incorporate by reference paragraphs 1 through 30

32. Defendants represented to Plaintiffs that, among other things, the Code Blue Water Filter removes arsenic from tap water.

33. The Code Blue Water Filter does not remove all arsenic.

34. The Code Blue Water Filter only slightly reduces the level of arsenic in the water.

35. At the time Defendants made these representations, they knew them to be false, or were made recklessly, without any knowledge of their truth.

36. Defendants represented to Plaintiffs that they would be receiving $1.50 for every Code Blue pitcher sold.

37. At the time of making those representations, Defendants had no intention of following through with this assertion.

38. Defendants made these representations as part of the "sales pitch" with the intent that Plaintiffs would act upon them.

39. In reliance on Defendants' representations, Plaintiffs invested over $34,000 in the Code Blue system.

40. Plaintiff adequately represents the class of purchasers who have purchased such profit sharing plans from Defendants. The interest of Plaintiffs in securing the relief sought against Defendants is coexistent with the interest of other members of the class who likewise have an interest in seeking such relief. Thus, all members of the class, including Plaintiffs, have a similar interest in obtaining the relief sought by this complaint. Members of the class are of such a number as to make individual actions on their behalf impractical. If Plaintiffs are entitled to relief against Defendants, then all members of the class similarly situated are also entitled to such relief against Defendants. True and fair representation is afforded the members of the class by Plaintiff's, since their common issues of law and fact that Plaintiffs and members of the class share.

### Count II – Violation of Michigan Consumer Protection Act

41. Plaintiffs incorporate by reference paragraphs 1 through 40

42. Defendant engaged in unlawful practices as defined by the Michigan Consumer Protection Act, MCL 445.903; 445.903b, by:

   a. Misrepresenting to Plaintiffs the characteristics of the Code Blue Water Filter and its ability to remove arsenic from tap water;

   b. Misleading the Plaintiffs about the profitability of the business opportunity;

   c. Causing a probability of confusion or misunderstanding as to the terms of compensation;

   d. Representing that Defendant's goods had characteristics or benefits that they did not have;

   e. Failing to reveal a material fact, the omission of which mislead or deceived Plaintiffs, and which fact could not have reasonably be known by Plaintiffs;

   f. Taking advantage of the Plaintiffs' inability reasonably to protect themselves by reason of inability to understand the language of the agreement where Defendant knew, or should have reasonably known, of Plaintiffs' inabilities;

   g. Making representations of fact material to the transaction such that Plaintiffs reasonably believed the represented or suggested state of affairs to be other than it actually was;

   h. Failing to file notice with the attorney general of the sale of a business opportunity; and

   i. Other actions made unlawful under the Michigan Consumer Protection Act.

43. Plaintiff adequately represents the class of purchasers who have purchased such profit sharing plans from Defendants. The interest of Plaintiffs in securing the relief sought against Defendants is coexistent with the interest of other members of the class who likewise have an interest in seeking such relief. Thus, all members of the class, including Plaintiffs, have a similar interest in obtaining the relief sought by this complaint. Members of the class are of such a number as to make individual actions on their behalf impractical. If Plaintiffs are entitled

7

to relief against Defendants, then all members of the class similarly situated are also entitled to such relief against Defendants. True and fair representation is afforded the members of the class by Plaintiff's, since their common issues of law and fact that Plaintiffs and members of the class share.

### Count III – Violation of Michigan Consumer Protection Act

44. Plaintiffs incorporate by reference paragraphs 1 through 43

45. The "product" sold by Defendants constitutes a "business opportunity" as defined by MCL § 445.902(a).

46. Defendant engaged in unlawful practices as defined by the Michigan Consumer Protection Act, MCL § 445.903b, by failing to file the required notice on or before the first sale of a business opportunity.

47. Plaintiff adequately represents the class of purchasers who have purchased such profit sharing plans from Defendants. The interest of Plaintiffs in securing the relief sought against Defendants is coexistent with the interest of other members of the class who likewise have an interest in seeking such relief. Thus, all members of the class, including Plaintiffs, have a similar interest in obtaining the relief sought by this complaint. Members of the class are of such a number as to make individual actions on their behalf impractical. If Plaintiffs are entitled to relief against Defendants, then all members of the class similarly situated are also entitled to such relief against Defendants. True and fair representation is afforded the members of the class by Plaintiff's, since their common issues of law and fact that Plaintiffs and members of the class share.

## Count IV – Innocent Misrepresentation

48. Plaintiffs incorporate by reference paragraphs 1 through 47

49. Defendants represented to Plaintiffs that, among other things, the Code Blue Water Filter removes arsenic from tap water.

50. The representations made by Defendants were false.

51. The Code Blue Water Filter does not remove all arsenic.

52. The Code Blue Water Filter only slightly reduces the level of arsenic in the water.

53. Defendants represented to Plaintiffs that they would be receiving $1.50 for every Code Blue pitcher sold.

54. At the time of making those representations, Defendants had no intention of following through with this assertion.

55. Defendants made these representations as part of the "sales pitch" with the intent that Plaintiffs would act upon them.

56. In reliance on Defendants' representations, Plaintiffs invested over $34,000 in the Code Blue system.

57. Plaintiff adequately represents the class of purchasers who have purchased such profit sharing plans from Defendants. The interest of Plaintiffs in securing the relief sought against Defendants is coexistent with the interest of other members of the class who likewise have an interest in seeking such relief. Thus, all members of the class, including Plaintiffs, have a similar interest in obtaining the relief sought by this complaint. Members of the class are of such a number as to make individual actions on their behalf impractical. If Plaintiffs are entitled to relief against Defendants, then all members of the class similarly situated are also entitled to such relief against Defendants. True and fair representation is afforded the members of the class

9

by Plaintiff's, since their common issues of law and fact that Plaintiffs and members of the class share.

### Count V – Breach of Contract

58. Plaintiffs incorporate by reference paragraphs 1 through 57.

59. In consideration for Plaintiffs' investments in the Code Blue Water System opportunity, Defendants agreed to pay Plaintiffs $1.50 for each pitcher sold.

60. The most each Plaintiff received from Defendants under the profit sharing agreement was $60.

61. Upon information and belief, Defendants sold more than 60 pitchers during the promotion period.

62. Defendants have breached the agreement by failing to pay $1.50 per pitcher sold.

### Count VI – Violation of Michigan Uniform Securities Act

63. Plaintiffs incorporate by reference paragraphs 1 through 62.

64. During mid 2005, Defendant EYI and Defendant Boersema approached Plaintiffs about a business opportunity/marketing concept involving the Code Blue Water Filtration System.

65. The opportunity involved a profit sharing component titled, "Precious Metals Program: The Code Blue Profit Sharing Plan" and was described as, "an opportunity for you to share in the world wide annual sales of all EYI Code Blue Systems."

66. The business opportunity/marketing concept offered, and eventually sold to Plaintiffs, was represented as follows: Plaintiffs would make an initial investment of $6,018.71

to become "Platinum Pioneers." Each month Plaintiffs would have to purchase a certain amount of product. Plaintiffs would receive $1.50 for every Code Blue System sold during each profit share period (one year, from Nov 1 to Oct 31). The maximum annual profit share would be $35,000 and would be paid out prior to December 15 following the profit share period. Plaintiffs would make an initial investment of $6,018.71 for 90 Code Blue Water Filtration Systems. All of the 90 Code Blue Systems were defective.

67. The essential functions that would determine the success or failure of Plaintiffs' investment were virtually all in the hands of Defendant EYI and others.

68. In particular, Defendant EYI was allegedly signing an exclusive distribution agreement with China Electronics Import and Export South China Corporation ("CEIEC") for the sale of millions of dollars of Code Blue Water Systems.

69. Plaintiffs' role in the proposed distribution scheme was de minimis, ministerial, and not related to the operation activities that were to generate the bulk of the profits as part of the distribution plan.

70. Defendants represented to Plaintiffs that Defendants had excellent prospects for success as a business opportunity.

71. The profit sharing plan offered and sold to Plaintiffs was an investment contract and/or a certificate of interest or participation in a profit-sharing agreement within the meaning of the term "security" as that term is defined by federal and state law.

72. Defendant EYI personally participated or aided in the offering and sale of the above-mentioned security to Plaintiffs.

73. Defendant Boersema personally participated or aided in the offering and sale of the above-mentioned security to Plaintiffs.

11

74. Such securities were offered and sold to a large number of individuals.

75. The above mentioned security was offered and sold to plaintiff without being registered as required by the Michigan Corporation and Securities Commission at the time of the transaction and has not since been licensed or qualified, as required by MCL § 451.701, and in violation of MCL § 451.810.

76. The above mentioned security was offered and sold to Plaintiffs by untrue statements of fact and/or omissions of fact necessary to make the statement not misleading in violation of MCL § 451.810.

77. The sale and purchase was a Michigan transaction, having taken place and been consummated in Holland, Michigan.

78. Plaintiff adequately represents the class of purchasers who have purchased such profit sharing plans from Defendants. The interest of Plaintiffs in securing the relief provided by the securities laws against Defendants is coexistent with the interest of other members of the class who likewise have an interest in seeking such relief. Thus, all the Michigan members of the class, including Plaintiffs, have a similar interest in obtaining the relief sought by this complaint. Members of the class are of such a number as to make individual actions on their behalf impractical. If Plaintiffs are entitled to relief against Defendants, then all members of the class similarly situated are also entitled to such relief against Defendants. True and fair representation is afforded the members of the class by Plaintiff's, since their common issues of law and fact that Plaintiffs and members of the class share.

79. Plaintiffs have been required to retain the undersigned counsel to enforce Plaintiff's rights and have to pay such counsel a reasonable attorney fee.

## Relief Sought

Wherefore, Plaintiffs respectfully request that this Court grant the following relief in favor of Plaintiffs:

a. that this Court certify this action as a class action under FRCP 23;

b. that this Court award Plaintiffs, and all members of the class, damages as provided under the Securities Act, including interest, costs and attorney fees;

c. that this Court award Plaintiffs, and all members of the class, damages and other relief to which Plaintiffs are entitled as provided under the Michigan Consumer Protection Act, including interest, costs and attorney fees;

d. that this Court award Plaintiffs, and all members of the class, damages and other relief to which Plaintiffs are entitled arising out of Defendants' fraud, including interest, costs and attorney fees;

e. that this Court award Plaintiffs, and all members of the class, damages and other relief to which Plaintiffs are entitled arising out of Defendants misrepresentations, including interest, costs and attorney fees;

f. that this Court award Plaintiffs, and all members of the class, damages and other relief to which Plaintiffs are entitled arising out of Defendants breach of contract, including interest, costs and attorney fees;

g. that this Court award Plaintiffs, and all Michigan members of the class, damages as provided under the Michigan Uniform Securities Act, including interest (6%), costs and attorney fees; and

h. that this Court provide Plaintiffs, and all members of the class, all other relief, at law or in equity, to which they are entitled as a result of Defendants' illegal, fraudulent, and deceitful conduct.

Dated: August 20, 2007

/s/ Carl J. Gabrielse
Carl J. Gabrielse (P67512)
Cunningham Dalman, PC
Attorney for Plaintiffs
321 Settlers Road, PO Box 1767
Holland, MI  49422-1767
(616) 392-1821

## JURY DEMAND

Plaintiffs, by and through their attorneys, Cunningham Dalman, P.C., hereby demand a trial by jury in the above titled action.

Dated: August 20, 2007

/s/ Carl J. Gabrielse
Carl J. Gabrielse (P67512)
Cunningham Dalman, PC
Attorney for Plaintiffs
321 Settlers Road, PO Box 1767
Holland, MI 49422-1767
(616) 392-1821